IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-14-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID TYRONE MURRELL, | ) | |
| | ) | |
| Defendant. | ) | |

On April 12, 2013, pursuant to a plea agreement, David Tyrone Murrell ("Murrell") pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack). See [D.E. 39, 40, 59]. On May 22, 2014, the court held Murrell's sentencing hearing. See Sentencing Tr. [D.E. 101]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 74] and ruled on Murrell's objections. See Sentencing Tr. at 6, 51–56; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Murrell's total offense level to be 36, his criminal history category to be IV, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sentencing Tr. at 56. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court varied down and sentenced Murrell to 210 months' imprisonment. See id. at 62–68.

On May 22, 2015, Murrell moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 107]. Murrell's new advisory guideline range is 210 to 262 months' imprisonment, based on a total offense level of 34 and a criminal history category of IV.

On February 8, 2016, the government responded in opposition. See [D.E. 116] 1–3; United States v. Flowers, 670 F. App'x 134, 134–35 (4th Cir. 2016) (per curiam) (unpublished); United

States v. Deane, 515 F. App'x 195, 196–97 (4th Cir. 2013) (per curiam) (unpublished); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); U.S.S.G. § 1B1.10(b)(2)(A). The government argued that Murrell's sentence of 210 months' imprisonment represents the bottom of the amended guideline range. See Resentencing Report. Thus, pursuant to U.S.S.G. § 1B1.10(a)(2)(A), the amendment in U.S.S.G. § 1B1.10(d) did not have the effect of lowering Murrell's applicable advisory guideline range, and no further action is warranted.

The court agrees that U.S.S.G. § 1B1.10(b)(2)(A) precludes a further sentence reduction. See Flowers, 670 F. App'x at 134–35; Deane, 515 F. App'x at 196–97. Thus, Murrell's motion for a sentence reduction is denied.

Alternatively, even if the court had discretion to reduce Murrell's sentence, it would not reduce his sentence.[1] The court finds that Murrell engaged in serious criminal behavior. See PSR ¶¶ 6–10; Sentencing Tr. at 11–56, 62–67. Moreover, Murrell is a violent recidivist, with convictions for simple assault (twice), simple affray (twice), possession of drug paraphernalia, assault with a deadly weapon, discharging a firearm in the city, assault with a deadly weapon inflicting serious injury, fleeing to elude arrest with a motor vehicle, and resisting a public officer. See PSR ¶¶ 14–22. Murrell also has performed poorly on supervision and has little work history. See id. ¶¶ 18, 37–40.

Having reviewed the entire record and all relevant policy statements, the court finds that Murrell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Murrell's sentence would threaten public safety in light of his serious

---

[1] See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); Mann, 709 F.3d at 306–07; United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Thus, if the court has discretion to reduce Murrell's sentence, the court denies Murrell's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Murrell's motion for reduction of sentence [D.E. 107].

SO ORDERED. This _8_ day of May 2017.

                                                         JAMES C. DEVER III
                                                         Chief United States District Judge